Sara **CHRISTIANS,** Plaintiff–Appellant,

v.

**STATE of Tennessee DEPARTMENT OF CORRECTION,**
Defendant–Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Jan. 5, 1990.

Permission to Appeal Denied by
Supreme Court May 14, 1990.

Sara Christians, Nashville, pro se plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter and Linda D. Walton, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

The plaintiff, Sara Christians, claims that the trial court erred in affirming a finding of an administrative law judge that she *voluntarily resigned from her position* with the Tennessee Department of Correction. She also claims that she was denied due process in her termination and that she should be reinstated to her status as an employee of the Tennessee Department of Correction.

*Facts*

On September 8, 1985, Sara Christians was appointed by the Commissioner of the Tennessee Department of Correction to the position of Assistant Food Service Manager I at the Tennessee State Penitentiary. After completing the obligatory six month probation period, she became a protected state employee with permanent civil service status.

On August 1, 1986, Ms. Christians was promoted to the position of Assistant Food Service Manager II and transferred to the women's prison. Pursuant to Tenn.Code Ann. § 8–30–312 and the regulations enacted thereunder, she was placed on six months probation, scheduled to end January 31, 1987.

On October 14, 1986, Ms. Christians was notified by a letter from Dorothy Greer, the warden of the Tennessee Prison for Women, of the intent of the Tennessee Department of Correction to separate Ms. Christians from her probationary position. The letter listed numerous specific complaints from her supervisor regarding Ms. Christians behavior as Assistant Food Service Manager II and also advised Ms. Christians of the opportunity for a hearing with the warden prior to any final decision being made. The letter also stated that at the hearing Ms. Christians would have the opportunity to provide any information which might affect the termination decision and that she could present witnesses on her behalf and have an attorney present.

After the hearing on October 20, 1986, Ms. Christians received a letter dated November 13, 1986 summarizing her hearing and informing her that she would be terminated on November 23, 1986 and would be on accumulated compensatory and leave time until January 9, 1987. The letter also detailed the reasons for the warden's decision to terminate her.

Ms. Christians filed a grievance and received a letter dated November 20, 1986 that her grievance had been received by the commissioner of civil service and that she would be notified within four to six weeks as to a hearing date.

On or before December 11, 1986, Ms. Christians received a telephone call from Larry Johnson, Assistant Director of Personnel for the Tennessee Department of Correction. Mr. Johnson told her that her former position of Assistant Food Service Manager I at the Tennessee State Penitentiary was vacant and available to her if she wanted it. A letter dated December 11, 1986, from Tony Young, Assistant Commissioner of Adult Services, also notified Ms. Christians of this vacancy and told her to contact Warden Bobby Campbell to let him know if she wished to take it. That same day, Ms. Christians contacted Warden Campbell and again was told that her old position was available to her. She claims that the warden discouraged her from taking the position.

Ms. Christians then met with Larry Johnson; she claims that he advised her to take her old job rather than to pursue her grievance. She testified that he told her that she could choose between her old position and pursuing her grievance. She also testified that she would have returned to her old job immediately if she had known that the choice was between her old job or no job at all, but she wanted to pursue her grievance in order to clear her name. After this meeting, Ms. Christians telephoned Mr. Johnson to tell him that she had decided not to return to her old job so that she could pursue her grievance.

On December 22, 1986, Ms. Christians received a letter from Stephen Norris, the Commissioner for the Department of Correction, which informed her that the offer of employment in her previous position was an offer of transfer. The letter stated: "this offer was made to give you the opportunity to avoid dismissal from the Tennessee Prison for Women during your probationary period as Assistant Food Service Manager II. Since you have declined the transfer to the State Prison, we will pro-

ceed with your termination as originally scheduled." On January 7, 1987, Ms. Christians responded to Commissioner Norris' letter. In her letter she characterized the transfer as a demotion.

On January 13, 1987, the department held a Level IV Grievance Hearing as requested by Ms. Christians arising from her termination from the Tennessee Prison for Women. Ms. Christians testified that this hearing was the first place that she learned that she had lost all employment with the Department of Correction as a result of turning down the offer to return to her previous position.

Ms. Christians received a letter regarding her grievance hearing from Commissioner Norris dated January 23, 1987. This letter stated:

A review of the facts and documentation by the hearing officer has been conducted. As a probationary employee you did not have a vested right in the Assistant Food Service Manager II position at the Tennessee Prison for Women. You did have grievable rights in regard to the Assistant Food Service Manager I position at Tennessee State Penitentiary. However, when you refused your former position at Tennessee State Penitentiary, you abrogated your claim. Therefore, your grievance is not valid.

Your dismissal from Tennessee Prison for Women and your subsequent nonacceptance of the Tennessee State Penitentiary position does not prevent you from applying for positions with Tennessee Department of Correction or any other State Department.

On February 3, 1987 Commissioner Norris sent a letter to T.W. Luna, Commissioner of the Tennessee Department of Personnel requesting that Ms. Christians' separation code be changed from a code 30 dismissal to a code 46 resignation. The letter stated:

[i]n spite of clear notification on a number of occasions that she had the option of taking her old position or being without a job, she declined to take the job. Therefore, since her separation is a result of her choosing rather than a taking

action by the Department, that separation is more properly classified as resignation.

Ms. Christians requested a Level V Grievance Hearing from the Civil Service Commission. A hearing was held on June 29, 1987 before Administrative Judge Brooks Garland. Judge Garland resigned and the case was reassigned to Administrative Judge Robert T. McGowan and a hearing was held before him on April 8, 1988 and the initial order entered May 4, 1988. Judge McGowan found that Ms. Christians' separation by the Department of Correction was valid and that once Ms. Christians refused the offer of reinstatement to her previous position, she resigned her employment with state government.

The trial court affirmed the decision of the administrative judge and adopted his findings of fact and conclusions of law.

### Standard of Review

■ "Judicial review of a decision from an administrative agency is in the Chancery Court upon a standard of substantial and material evidence. The scope of review in the appellate court is the same ..., namely, 'a narrow and statutorily prescribed review of the record made before the administrative agency.'" *DePriest v. Puett,* 669 S.W.2d 669, 673 (Tenn.App.1984) (citations omitted). Tenn.Code Ann. §§ 4–5–322(g, h), 4–5–323 (1989).

We agree with the result reached by the administrative law judge and the chancery court. We do not, however, think it is necessary to go so far as to make a finding that Ms. Christians resigned from her employment in state government.

■ Our reasons for this conclusion rest on the provisions of the Civil Service Act itself and the unique position in which the act puts an employee who is serving a probationary period after being promoted from a protected position in the career service. Tenn.Code Ann. § 8–30–312 (1988) provides that every person appointed to a position, either from "a promotion list or an employment list," shall serve a probationary period of at least six months. At any time during the probation period after one

month in the new position, the employee may be removed if the appointing authority decides that he or she is not performing satisfactorily. The rules of the Tennessee Department of Personnel make it clear that during that probationary period an employee may be separated from the service without right of appeal or hearing. Civil Service Regulation 1120–2–5.1.

At that point, the employee has no right to retreat to his or her former position. The only right the statute gives is this: "If any such employee was a regular employee in another position in the career service immediately prior to his appointment, his name shall be placed on the divisional reemployment list and the service-wide reemployment list for the class or the position in which he was a regular employee." Tenn.Code Ann. § 8–30–313 (1988).

■ Thus, after her promotion, Ms. Christians found herself in the unique position of being subject to removal and without a guarantee of the right to retreat to her old job. Being a non-tenured employee during the probationary period, she did not have such a property interest in her continued employment that would entitle her to the due process protection of the U.S. Constitution. *Parham v. Hardaway,* 555 F.2d 139 (6th Cir.1977). We are persuaded that the same is true with respect to the "law of the land" provisions of the Tennessee Constitution. Tn. Const., art. I, § 8 (1980).

Perhaps she did have a property interest in having her name placed on the reemployment lists. But, when the state offered her a greater benefit—that of reemployment—and she turned it down, she cannot (and has not, so far as the record shows) complained that her name was not added to the lists.

It might be argued, although the appellant has not raised the point, that when the regulation that gives the appointing authority the right to separate a probationary employee without a hearing refers to the "initial" period of probation it indicates that an employee must serve only one period of probation during his or her service with the state. *See* Civil Service Rule

1120–2–5.1(4). We are persuaded, however, that the statute indicates the contrary where it refers to probation after a promotion. *See* Tenn.Code Ann. § 8–30–312. Rule 1120–1–1.1(37) also defines "initial probationary period" as the "first" period "of at least six (6) months an employee undergoes with her or her agency." We think this definition indicates that there may be more than one probationary period.

■ The appellant argues that the state misled her into thinking that she could choose to pursue her grievance over the job at the women's prison without putting her right to return to the main prison in jeopardy. We do not think the record supports that conclusion.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the state.

CRAWFORD, J., and WILLIAM H. INMAN, Special Judge, concur.