**Ruby SHACKLEFORD,**
**Plaintiff-Appellant,**

v.

**Claude Willard SHACKLEFORD,**
**Defendant-Appellee.**

Court of Appeals of. Tennessee,
Middle Section.

Nov. 26, 1980.

Certiorari Denied by Supreme Court
Feb. 23, 1981.

Harry McNutt, W. H. Stephenson, II, Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

This appeal involves a question of the equitable division of the parties marital estate where the wife was awarded a divorce on the grounds of cruel and inhuman treatment. In addition, the appellant raises an issue of the payment of attorney's fees where she is not awarded any liquid assets as her share of the property.

The plaintiff and defendant were married in 1946 and raised two children. Defendant was engaged in the automobile business in one capacity or another for several years and in 1959 owned a Buick agency in Madison, Tennessee. The business at that time was failing and the defendant suffered from a mental breakdown; consequently, he sold the agency and went off to Savannah, Tennessee for two years to operate a restaurant. During this period of time the appellant, Mrs. Shackleford, opened a clothing store in Gallatin, Tennessee and supported herself and her two children from the income derived from that business. For a substantial period of time she was the primary support for the family. During the 1960's the financial fortunes of the parties took a turn for the better and they began to accumulate property. By the time of the divorce they had a total estate of approximately $392,000.00. After operating for ten years Mrs. Shackleford closed her store and began taking care of the parties' rental property in Gallatin called the Jones Building. The parties had also acquired eight house trailers and the land on which they were located which were operated as rental property. For approximately two years prior to the divorce Mrs. Shackleford had managed this property as well. Now, because of her age and physical condition, she is unable to get gainful employment.

Mr. Shackleford acquired a sixty percent interest in a liquor store in Gallatin in 1968. His share of the profit for each year has

F. Dulin Kelly, Hendersonville, for plaintiff-appellant.

always been greater than $20,000.00 and has been as high as $30,000.00. Other major assets owned by the parties at the time of the divorce include a farm in Trousdale County having a value of $150,000.00 and the home of the parties valued at $62,500.00, with a $15,000.00 mortgage.

The Trial Court awarded Mrs. Shackleford a divorce on the ground of cruel and inhuman treatment, divided the property and ordered each party to pay his or her attorney's fee. The Court's Memorandum Opinion outlined the division of the property:

"The testimony showed that the plaintiff had worked and helped accumulate all of the properties which they now own and that she is entitled to a substantial portion of said property. The Court hereby awards to the plaintiff in fee simple the title to the home property where the parties live, the value of which is Sixty-Two Thousand Five Hundred Dollars ($62,500.00), subject to a mortgage of Fifteen Thousand Dollars ($15,000.00) which the plaintiff must assume, household goods and furnishings of a market value of Fifteen Thousand Dollars ($15,000.00), one cub lawn mower, Seven Hundred Dollars ($700.00), a metal shed, One Thousand Dollars ($1,000.00), her jewelry, Two Thousand Five Hundred Dollars ($2,500.00), and the automobile which she is now driving, Two Thousand Five Hundred Dollars ($2,500.00).

The parties jointly own a farm in Trousdale County, Tennessee, valued at One Hundred Fifty Thousand Dollars ($150,000.00). It is the opinion of the Court that the plaintiff is entitled to one-half of this value, and it is therefore ordered that the farm be sold and the proceeds divided equally between the parties. The remaining property consisting of the Jones Building, lots on Bledsoe, Locust, Ross, Winchester, and Foster Streets be vested in the defendant, the house trailers, the camper, the notes receivable, the defendant's interest in the Gallatin Liquor Store, the farm equipment, the automobile which he is now driving, the gun collection, and the lawn mower be vested in the defendant."

The value of the property, real and personal, given to Mrs. Shackleford, less the mortgage on the home, amounted to approximately $144,200.00; the value of the property given to Mr. Shackleford, less the amount due on a personal note on which he is obligated, amounted to approximately $248,661.00. In addition, Mr. Shackleford got all the property that produced an income, the trailers, the Jones Building, and the liquor store. The income generated from these assets is approximately $50,000.00 per year. Mrs. Shackleford complains of the Court's award and comes to this Court for relief.

There are no hard and fast rules which will guarantee that the parties to a divorce will get a fair share of their property on dissolution of the marriage. In fact, the courts have laid down only general rules and, in general, have left it to the discretion of the trial judge. In *Walden v. Walden*, 13 Tenn.App. 337 (1930), the Court discussed the problem in these terms:

"The matter of what amount of alimony should be decreed to a wife out of the estate of her husband in a divorce proceedings is in the sound discretion of the trial judge. This discretion when soundly exercised, will not be disturbed on appeal. There are no hard and fast rules governing the amount of alimony which may be decreed to a wife. Many elements enter in for consideration. The amount of alimony to be decreed is not to be controlled solely by the value of the estate owned by the husband. While this is an important factor to be considered it does not alone control. The value of any separate estate owned by the wife is an element to be considered. The age and station in life are elements, and also the income and sources of income by the respective parties. The way and manner in which the estate has been accumulated and contributions made thereto by the wife, either out of her own funds or by her own work and efforts. In many jurisdictions the general conduct of the husband, and the mistreatment of the wife, where she is

free from fault, may also be considered in arriving at a proper award for alimony."

█ This general proposition has been followed in subsequent cases. See *Rush v. Rush*, 33 Tenn.App. 496, 232 S.W.2d 333 (1949), and *Stone v. Stone*, 56 Tenn.App. 607, 409 S.W.2d 388 (1966). There also seems to be another factor which is cited in some of the cases; that is, that the party obtaining the divorce should not be left in a worse financial situation than he or she had before the opposite party's misconduct brought about the divorce. See *Williams v. Williams*, 146 Tenn. 38, 236 S.W. 938 (1921), and *Rush v. Rush, supra*. Although expressed in the older cases in terms of the husband's common law duty to support the wife, we think it is applicable to either party.

█ Applying these general principles to the case at bar we think the Trial Judge's order should be modified to result in a division of the property where the parties will receive substantially equal shares. In this case this can be accomplished by adding the Jones Building to the property awarded by the Trial Judge to Mrs. Shackleford. Then her share of the total estate will amount to approximately $204,000.00 and Mr. Shackleford's share will total approximately $188,000.00. She will get the benefit of the income produced by the property in the amount of $9,000.00 per year and Mr. Shackleford will still have property that generates an income of approximately $41,-880.00 per year. With this modification the Trial Judge's order should be affirmed.

The question of attorneys fees has been dealt with recently by this Court in *Ligon v. Ligon*, 597 S.W.2d 310 (Tenn.App.1977). That opinion says:

"Ordinarily, if the wife is financially able to procure counsel, there is no occasion for fixing the amount of her counsel's fee which should be a matter of contract between attorney and client.

If the wife is financially unable to procure counsel, then it is in order for the Court to require the husband to pay such fees pendente lite as are necessary to secure the services of counsel for her.

If, in the final decree, the wife, is awarded alimony in solido adequate for her needs and attorneys fees, there is again no occasion for the Court to fix a fee, which should be set by agreement of counsel and client. This principle does not, of course, deprive the Trial Judge of the discretion to fix attorneys fees in proper cases.

Where, however, the final decree does not provide funds out of which counsel may reasonably be paid, it is in order for the Court to award to the wife as additional alimony such amount as will reasonably enable her to pay reasonable compensation to her counsel. Such is the situation in the present case."

█ Under these principles appellant argues that it was an abuse of discretion for the Trial Judge to fail to order her husband to pay her attorney's fees. However this case is one of the common cases where the record does not show any cash or other assets easily convertible to cash with which to pay the fees and expenses of this litigation. Each party must make arrangements to secure the funds to pay attorney's fees and other costs. With the award we have made to Mrs. Shackleford, she is as able to make these arrangements as her husband is, especially where the farm is to be sold and the proceeds divided between them. Therefore we are of the opinion that the Trial Judge's order denying her attorney's fees should not be disturbed.

As modified, the order of the Trial Judge is affirmed. The costs of this appeal are taxed against the appellee. The cause is remanded for implementation of the decree as modified and other appropriate proceedings.

MODIFIED, AFFIRMED AND REMANDED.

TODD, P. J., and T. MACK BLACKBURN, Special Judge, concur.