CONNIE FLYNN RAMSEY,               )
                                   )
        Plaintiff/Appellee,        )       Appeal No.
                                   )       01-A-01-9805-CH-00262
v.                                 )
                                   )       Dickson Chancery
RICHARD ALLEN RAMSEY,              )       No. 4788-87
                                   )
        Defendant/Appellant.       )

**FILED**

**March 29, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**


COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CHANCERY COURT FOR DICKSON COUNTY

AT CHARLOTTE, TENNESSEE


THE HONORABLE ALLEN W. WALLACE, CHANCELLOR


ROBERT TODD JACKSON
Jackson Law Office
222 Second Avenue North, Suite 419
Nashville, Tennessee 37201
        ATTORNEY FOR PLAINTIFF/APPELLEE


JENNIFER DAVIS ROBERTS
106 Center Avenue
Post Office Box 944
Dickson, Tennessee 37055
        ATTORNEY FOR DEFENDANT/APPELLANT


AFFIRMED AS MODIFIED,
AND REMANDED


                          WILLIAM B. CAIN, JUDGE

# OPINION

This is an appeal from a divorce decree terminating a 28 year marriage.

At the time of the divorce hearing on March 26, 1998, Connie Flynn Ramsey was 51 years of age and Richard Allen Ramsey was 49 years of age. They parented one child who was emancipated and attending college at the time of the divorce.

When the parties married in 1969, appellant was enrolled as a full-time student in pharmacy school while appellee worked for the University of Tennessee at Memphis earning minimum wage. After graduation from pharmacy school, appellant took a position with Goodlark Hospital Pharmacy in Dickson, Tennessee and the parties moved to Dickson in 1976 and have continuously resided there, at least until the divorce action. The daughter of the parties, Stephanie Ramsey, was born in 1977 and appellee, for the next two years, was occupied as a full-time homemaker and mother. From 1979 to 1981 appellee was employed at Parkside Surgery Center and thereafter employed at SuperX Pharmacy in Dickson until 1987 with mostly part-time work. The parties maintained a middle class standard of living throughout the marriage and at least from the period 1992 through 1996, husband earned between $64,000 and $74,000 per annum. He left Goodlark Hospital near the end of 1996 and took a position with the Veterans Administration Hospital Pharmacy in Nashville at a salary of $57,854 per annum. During these same years in addition to being homemaker and mother, wife earned in her outside employment, between $11,500 and $15,500 per annum.

In 1994, appellant commenced an adulterous relationship with another woman and his adultery was the basis upon which the trial court granted the divorce to Mrs. Ramsey. It appears from the testimony of both parties in this case that Mrs. Ramsey, throughout the marriage, was an excellent mother and wife and was in no way responsible for the breakup of the marriage. Mr. Ramsey was a good provider and a good father, even after the commencement of his adulterous relationship with his paramour.

Upon granting the divorce the trial judge adopted the proposed dissolution of marital property submitted by the wife resulting in a total value

award to the wife of $221,352 and a total value award to the husband of $267,155. By supplemental decree and in order to essentially equalize marital property distribution the trial court granted Mrs. Ramsey a $25,000 judgment against Mr. Ramsey. On appeal, the first issue of the appellant is: "Whether the trial court erred when it awarded the parties' residence and a 1998 Ford Mustang automobile to wife without requiring wife to be responsible for the debt securing the realty and automobile; without ordering wife to hold husband harmless from these debts."

Upon this assertion appellant is in error. The decree of the trial court granted the home of the parties and the 1998 Mustang automobile to Mrs. Ramsey "subject to any indebtedness thereon." Appellee is already responsible for the indebtednesses against both the home and the car and no action of the court can prejudice the rights of creditors against both of them as parties to the original indebtedness. The trial court did not abuse its discretion by declining to require appellee to hold appellant harmless from any debts against these properties, although appellant would appear to be effectively protected by the substantial equity in each of these assets.

The second issue raised by the appellant is: "Whether the trial court erred in its overall division of the parties' property by awarding wife Twenty-Five Thousand Dollars and 25/100 ($25,000.00) in addition to the other assets awarded to wife."

Distribution of marital property in Tennessee is governed by Tennessee Code Annotated section 36-4-121. This statute requires the court to ". . . equitably divide . . ." the marital property taking into consideration all of the factors set forth in this statute.

The trial court has wide discretion in the division of marital property and such division will not be disturbed on appeal unless the evidence preponderates against the trial court holding. Tenn.R.App.P. 13(d); *Shackleford v. Shackleford*, 611 S.W.2d 598 (Tenn.App.1980); *Fisher v. Fisher*, 648 S.W.2d 244 (Tenn.1983).

In this case the appellant offered precious little help to the trial judge in valuing or otherwise assessing marital property. At the very outset of the trial, Mr. Jackson as counsel for Mrs. Ramsey and Mr. Wolf as counsel for Mr. Ramsey, all but agreed to the division of property.

> MR. JACKSON: ...With respect to the division of property I had tendered to Mr. Wolfe this morning and everyone's gone over it and we are pretty much in agreement that of this marital estate the assets will be divided as we have suggested on this document here. If I may pass that to The Court. There might be a question raised by Mr. Ramsey with regard to a couple of the values but I think before a final decree is entered we are going to just double-check two of those figures and make sure they are right but assuming they are right then the division of the assets will be as per this proposal; is that correct, Mr. Wolfe?
> MR. WOLFE: That's correct. We have some disputes regarding the actual valuations and there's no dispute about how they are going to be divided but the valuations may be slightly different.

Tennessee Code Annotated section 36-4-121(a) provides that marital property should be equitably divided without regard to fault. Equitable division does not necessarily mean equal division and the trial court is not thus bound to provide for an equal division between the parties but may vary the percentage of value in distribution if the court so determines that equity so requires. *Barnhill v. Barnhill*, 826 S.W.2d 443 (Tenn.App.1991); *Word v. Word*, 937 S.W.2d 931 (Tenn.App.1996).

In this case the appellee did not seek anything more than an equal division based on marital property value. This is exactly what the trial court attempted to do in adopting the proposed division asserted by the wife without objection from the husband. In order to equalize the division in value, he granted a judgment against husband in the amount of $25,000. There is no abuse of discretion in the division of property; however, appellee asserts in her brief that she has no objection to reducing the $25,000 judgment to $22,901.50 plus statutory interest since such a judgment would be in conformity with her original request to the trial court. The judgment will be reduced accordingly.

The third and most plausible issue raised by the appellant is: "Whether the trial court erred in awarding wife the sum of Eight Hundred Dollars and no/100s ($800.00) per month as alimony in futuro."

The specific intent of the General Assembly in matters relating to alimony is set forth in Tennessee Code Annotated section 36-5-101(d)(1). Rehabilitative alimony is preferred but alimony in futuro is proper if the relevant factors so indicate. The statutory factors to be considered are:

> (A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
> (B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;
> (C) The duration of the marriage;
> (D) The age and mental condition of each party;
> (E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
> (F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;
> (G) The separate assets of each party, both real and personal, tangible and intangible;
> (H) The provisions made with regard to the marital property as defined in § 36-4-121;
> (I) The standard of living of the parties established during the marriage;
> (J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;
> (K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and
> (L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

The proof in the case shows that the husband has an earning capacity of about four times the earning capacity of the wife. The husband is a college graduate pharmacist. The wife is a high school graduate. The duration of the marriage was 28 years. Both parties are in good physical and mental condition.

-5-

The division of marital property has been approximately equal. The standard of living of the parties established during the marriage was what one might call middle class. The tangible and intangible contributions of the wife to this marriage as a wife, mother and homemaker are undisputed and indeed acknowledged by the husband. The proof shows no relative fault of the parties but total fault as to the husband.

The award of alimony in the amount of $800 per month is not permanent but expires by its own terms on November 1, 2011, the date of the 65th birthday of the wife.

When all relevant factors in the award of alimony are considered in the light of the proof of this cause, it was well within the discretion of the trial judge to award alimony in the manner in which he awarded it. This wife has obtained a divorce from the husband after 28 years of marriage. This divorce resulted solely from the misconduct of the husband, and wife is entitled to maintain her prior standard of living within reasonable economic limits. *Lancaster v. Lancaster*, 671 S.W.2d 501 (Tenn.App.1984); *Aaron v. Aaron*, 909 S.W.2d 408 (Tenn.1995).

The award of alimony in this case was well within the discretion of the trial judge and that discretion has not been abused.

The judgment of the trial court will be modified to reduce the monetary judgment in favor of the wife from $25,000 to $22,901.50 plus statutory interest. In all other respects the judgment of the trial court will be affirmed. The application for attorney fees by the appellee is denied.

The case is remanded to the trial court for such further proceedings as may be deemed necessary by the trial court.

Costs of this cause are assessed against the appellant.

_____
WILLIAM B. CAIN, JUDGE


CONCUR:


_____
BEN H. CANTRELL, P.J., M.S.


_____
PATRICIA J. COTTRELL, JUDGE