IN THE COURT OF APPEALS OF TENNESSEE

# FILED

December 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## AT KNOXVILLE

| | |
|---|---|
| ALDRIDGE LYNN SHOCKLEY, | ) C/A NO. 03A01-9905-CH-00162 |
| | ) |
| Defendant-Appellant, | ) HAMBLEN CHANCERY |
| | ) |
| vs. | ) HON. THOMAS R. FRIERSON, II |
| | ) CHANCELLOR |
| ELLA MAE SHOCKLEY, | ) |
| | ) AFFIRMED AND |
| Plaintiff-Appellee. | ) REMANDED |

JOHNNY V. DUNAWAY, LaFollette, for Defendant-Appellant.

DENISE TERRY STAPLETON, Morristown, for Plaintiff-Appellee.

## **O P I N I O N**

Franks, J.

In this divorce action, the husband appeals from the Chancellor's division of marital property and the award of alimony to the wife.

Husband and wife were married in 1981 and no children were born to this marriage. The wife has two children from a previous marriage, and the husband has one child from a previous marriage. During the marriage, the husband was employed by Rockwell, now Meritor, as a press operator. His annual salary was $42,874.00 as of December 1998. The husband also has income from the sale of hay and tobacco grown on

his land. The wife works at Sun Trust Bank as a head teller. Her annual salary is $18,000.00 and the evidence shows there is no room for advancement within the bank where she works. At the time of the trial, the husband was 50 years old and the wife was 44 years old.

On January 22, 1999, the Trial Judge granted the wife a divorce on the grounds of inappropriate marital conduct, and divided the marital estate awarding the wife, according to his evaluations, $80,928.77. Additionally, the wife was awarded interest in any retirement proceeds through Kroger, and the future rental income on a trailer. The husband was awarded $80,906.96, plus farming equipment, not in the above valuations, to a value of approximately $3,100.00. Both parties were to retain the amounts previously withdrawn from the money market stock accounts.

Our review of the division of marital property is *de novo* upon the record, with a presumption of correctness of the Trial Court's findings of fact. T.R.A.P. Rule 13(d). *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). Trial courts have wide discretion in the manner in which marital property is divided, and their decisions are given great weight on appeal. *Wade v. Wade*, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994). An equitable division of marital property is not necessarily an equal division, and is not achieved by mechanical application of the statutory factors, but rather by considering and weighing the most relevant factors in light of the unique facts of each case. *Waters v. Waters*, 959 S.W.2d 585 (Tenn. Ct. App. 1997).

Tennessee Code Annotated §36-4-121(c) sets forth the criteria which courts are to consider in making an equitable division of marital property. In this case, the parties do not dispute the values given to the marital assets by the Court, and the Court divided the marital assets close to 50/50, with slightly more to the wife. The parties were married for seventeen years, and as the Trial Court correctly observed, there is significant discrepancies in the parties' respective earning capacities.

The record established the husband made more financial contributions to the

marital estate than did the wife, however, the wife made contributions to the marriage as a spouse and mother. She testified she took care of the house, buying groceries, cooking and cleaning and also cared for all the minor children, one of whom was the husband's by a prior marriage.

The husband argues that while the Court considered the wife's contribution to the marriage, it failed to consider his contributions, and instead, penalized him for fault in the break-up of the marriage. He points out that fault is not to be considered in the division of marital property. *See* T.C.A. §36-4-121(a)(1). These contentions are without merit. Clearly, the court considered and compared the respective contributions made by each party, and the evidence in the record does not support the argument that the husband was penalized for fault in the break-up in the distribution of marital property.

Considering all the relevant factors enumerated in T.C.A. §36-4-121(c), we hold that the Trial Court's distribution of marital property is equitable.

The husband, in his brief, argues that the Trial Judge erred in awarding the " hobby cars" to the wife. These are antique cars that the husband had worked on and rebuilt, and were acquired during the parties' marriage. In this regard, the parties agreed at oral argument, that this issue was resolved between the parties, and is moot.

Trial courts have broad discretion to determine where spousal support is needed, and if so, its nature, amount and duration. *See Garfinkel v. Garfinkel*, 945 S.W.2d 744, 748 (Tenn. Ct. App. 1996).

While T.C.A. §36-5-101(d)(1) reflects a preference for temporary rehabilitative spousal support, as opposed to long-term support, (*see Herrera v. Herrera*, 944 S.W.2d 379 (Tenn. Ct. App. 1996)), the Trial Court determined that rehabilitative alimony was inappropriate in this case, and the evidence does not preponderate against that finding. T.R.A.P. Rule 13(d). In awarding alimony, the Trial Judge made the following findings and award:

Compared with the husband, the wife will be economically disadvantaged following the divorce.  Her earning capacity is far less than his and there is little likelihood that it will improve . . . Considering all of the circumstances of this case and the equities between the parties, the Court determines that there is a relative economic disadvantage between the parties and that rehabilitation of the wife is not feasible.  Therefore, the Court grants an order for payment of support and maintenance on a periodic basis.  The Court directs that Mr. Shockley shall pay to Mrs. Shockley alimony *in futuro* in the amount of $75.00 per week for a period of seven years.

The evidence supports the Chancellor's findings.  *See Aaron v. Aaron*, 909 S.W.2d 408 (Tenn. 1995); *Ford v. Ford*, 952 S.W.2d 824 (Tenn. Ct. App. 1996);  and *Shackleford v. Shackleford*, 611 S.W.2d 598 (Tenn. Ct. App. 1980).

We find that the Court intended to award the wife alimony *in futuro*, as decreed, and we affirm his judgment.

The cost of the appeal is assessed to Aldridge Lynn Shockley, and the cause remanded.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.