IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 11, 2006 Session

## ALLISON LYN SIMMONS v. RICHARD LEE SIMMONS

**Appeal from the Circuit Court for Robertson County**
**No. 10661     Ross H. Hicks, Judge**

_____

**No. M2005-00348-COA-R3-CV - Filed January 31, 2006**

_____

Both parties appeal aspects of the final divorce decree. Husband contends the trial court erred by awarding wife transitional alimony in excess of his ability to pay and in excess of her need. Wife raises six issues, contending she should have been granted the divorce due to his abuse; that child support should be increased; that she should be awarded the tax deductions for all three children; that she should be named trustee of life insurance for the benefit of the children; and that husband should pay her attorney fees at trial and on appeal. We affirm the trial court in all respects but one, finding the transitional alimony was set at an amount greater than husband's ability to pay.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed as Modified**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Rosemary E. Phillips, Goodlettsville, Tennessee, for the appellant, Richard Lee Simmons.

Kimberly L. Reed-Bracey, Goodlettsville, Tennessee, for the appellee, Allison Lyn Simmons.

### OPINION

Allison Lyn Simmons and Richard Lee Simmons were married for seven years, during which they had three children, who were six, five, and two years old at the time of the divorce hearing. Both Husband and Wife had worked as flight attendants at the time of their marriage, however, Husband had been the sole provider since the first year of marriage. During the marriage the parties became deeply in debt, in part due to Wife's spending, and filed bankruptcy.

At the time of the divorce, the sole marital asset of any value was Husband's 401K plan which the court divided. The parties also owned the marital residence, which they purchased during the marriage, however it had no equity at the time of the divorce. The marital residence was awarded

to Wife with the proviso she be solely liable for the mortgage and all expenses related to the residence and that she refinance the mortgage within three years of the divorce.

Wife was awarded custody of the children and Husband was ordered to pay child support set at $1,900 per month. Husband was required to pay for Wife's COBRA insurance. Additionally, Husband was ordered to pay transitional alimony for four years. The alimony was to be paid on the following schedule: $2,500 per month for the first year, $1,800 per month the second year, $1,200 per month for the third year, and $500 per month for the fourth and final year.

Both spouses appeal. Husband appeals contending the amount of transitional alimony is in excess of his ability to pay and in excess of Wife's needs. Moreover, Husband contends that the alimony and child support obligations constitute a punitive award against him because it represents more than sixty-seven (67%) percent of his gross income.

Wife raises six issues. One, she contends the trial court erred by declaring the parties divorced, insisting that she should have been granted the divorce due to his alleged abuse. Two, she contends Husband's income was not calculated correctly, that it is more than the trial court determined, and thus his child support obligation should be increased. Three, she complains the trial court erred by awarding Husband tax deductions for two of the three children. Four, she contends she should have been named the trustee of the life insurance policy that is for the benefit of the children. Five, she contends the trial court erred by failing to award her attorney fees at trial. Finally, she requests attorney fees she will incur on appeal.

### HUSBAND'S INCOME

Several of the issues are dependent on Husband's income; therefore, we will discuss his income first. The court found Husband's income was $80,000 and set child support for three children based on that amount pursuant to the child support guidelines. Wife contends the trial court erred by setting his child support obligation based upon an annual income of $80,000, insisting Husband's income was substantially greater than that. Conversely, Husband contends $80,000 represents his gross income, not his net income and therefore his child support obligation should be reduced.[1]

The trial court made the finding that Husband had an annual income of $80,000, attributable to the year 2004. The standard of review of a trial court's findings of fact is *de novo* and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40

---

[1] Although the court's determination of Husband's income impacts his child support obligation, the parties do not dispute the manner by which the trial court applied the child support guidelines, only the amount upon which the trial court based the child support.

S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). Where the trial court does not make findings of fact, there is no presumption of correctness and we "must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000).

The evidence in the record concerning Father's income is disputed and somewhat confusing. There is evidence, based on financial records, including IRS form W-2 reports and pay check stubs, that his income in 2004 was approximately $80,000. One of the facts that made it difficult to determine his annual income was the fact he received a significant but non-recurring bonus in 2004. The trial court considered the one-time bonus as part of Father's income stream yet it discounted the bonus by seventy-five percent based upon the finding it was for back pay. Father contends it was error to include the one-time bonus as it was non-recurring. Mother contends all of the so-called one-time bonus should have been included in determining his income for 2004. The trial court also considered as an additional factor impacting Husband's income that Husband had just received an increase in compensation for 2005. Not surprisingly, the parties present competing arguments contending the trial court should and should not have considered the increase in pay.

We have determined the disputed factors affecting Father's income were properly considered by the trial court. We have also concluded the evidence does not preponderate against the trial judge's finding that child support should be based on $80,000 a year. Finding the evidence does not preponderate against the trial court's findings as to Husband's gross income, there is no basis for us to alter child support. For similar reasoning and realizing that Husband is paying child support for all three children, we find no error with the trial court's decision to award Husband the tax deduction for two of the three children.

## ALIMONY

The trial court required Husband pay Wife four years of alimony, to afford Wife the opportunity to acquire or enhance her job skills and education to enable her to become self-sufficient. Our legislature has stated a public policy preference for temporary, rehabilitative spousal support over long-term support. Tenn. Code Ann. § 36-5-121 (2005) (originally Tenn. Code Ann. § 36-5-101(d)(1)); *Wilson v. Moore*, 929 S.W.2d 367, 375 (Tenn. Ct. App. 1996). The purpose of temporary spousal support is to aid the disadvantaged spouse to become self-sufficient. *Anderton v. Anderton*, 988 S.W.2d 675, 682 (Tenn. Ct. App. 1998). There are no hard and fast rules for spousal support decisions. *Shackleford v. Shackleford,* 611 S.W.2d 598, 600 (Tenn. Ct. App. 1980); *Crain v. Crain*, 925 S.W.2d 232, 233 (Tenn. Ct. App. 1996). Alimony decisions typically hinge on the unique facts and circumstances of the case. *See Anderton*, 988 S.W.2d at 683; *see also Hawkins v. Hawkins*, 883 S.W.2d 622, 628 (Tenn. Ct. App. 1994). The two most important factors are the need of the disadvantaged spouse and the obligor's ability to pay. *Varley v. Varley*, 934 S.W.2d 659, 668 (Tenn. Ct. App. 1996).

The court may award rehabilitative alimony, alimony in futuro, also known as periodic alimony, transitional alimony, or alimony in solido, also known as lump sum alimony, or, in appropriate circumstances, a combination of some of these. Tenn. Code Ann. § 36-5-121(d)(1). The trial court's order did not identify the alimony as transitional or rehabilitative; nevertheless, it is apparent the trial court intended this to be transitional alimony. Although rehabilitative alimony and transitional alimony are often confused and treated as though synonymous, each is a distinct form of alimony. Indeed, by statute, rehabilitative alimony[2] is recognized as a separate class of spousal support, as distinguished from transitional alimony. Tenn. Code Ann. § 36-5-121(e)(1). Transitional alimony is awarded when the court finds rehabilitation is not necessary or available, yet the economically disadvantaged spouse needs time and assistance to adjust to the economic consequences of divorce. Transitional alimony, as Tenn. Code Ann. § 36-5-121(g)(1) defines it, means

> a sum of money payable by one (1) party to, or on behalf of, the other party for a determinate period of time. Transitional alimony is awarded when the court finds that rehabilitation is not necessary, but the economically disadvantaged spouse needs assistance to adjust to the economic consequences of a divorce, . . .

The factors to be considered in deciding whether to award alimony are set forth in Tenn. Code Ann. § 36-5-121(i). In determining whether to award alimony, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

> (1) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;
> (2) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earnings capacity to a reasonable level;
> (3) The duration of the marriage;
> (4) The age and mental condition of each party;
> (5) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;
> (6) The extent to which it would be undesirable for a party to seek employment outside the home, because such party will be custodian of a minor child of the marriage;

---

[2]To be rehabilitated means to achieve, with reasonable effort, an earning capacity that will permit the economically disadvantaged spouse's standard of living after the divorce to be reasonably comparable to the standard of living enjoyed during the marriage, or to the post-divorce standard of living expected to be available to the other spouse, considering the relevant statutory factors and the equities between the parties. Tenn. Code Ann. § 36-5-121(d)(2).

(7) The separate assets of each party, both real and personal, tangible and intangible;
(8) The provisions made with regard to the marital property, as defined in § 36-4-121;
(9) The standard of living of the parties established during the marriage;
(10) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;
(11) The relative fault of the parties, in cases where the court, in its discretion, deems it appropriate to do so; and
(12) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-5-121(i).

Husband contends he does not have the ability to pay alimony to the extent required by the trial court. This, he contends, is the result of the aggregate of his court ordered obligations, including child support for three children, COBRA insurance, and transitional alimony obligations, which constitute a burden that exceeds his ability to pay. We agree. Finding the economic burden on Husband is greater than his ability to pay and is for a term longer than Wife's need, the amount and length of his alimony obligation must be reduced. In the interest of judicial economy, and taking into consideration the fact that Husband has paid the first year of alimony at $2,500 per month, and part of the second year at $1,800 per month,[3] we therefore modify the award of alimony as set by the trial court as follows: $2,500 per month for the first year; $1,500 per month for the second year; and $1,000 per month for the third year and final year.

## WHO GETS THE DIVORCE?

Wife further contends she should have been granted the divorce, alleging it was due to Husband's abusive conduct. The trial court declined Wife's request and instead declared the parties divorced pursuant to Tenn.Code Ann. § 36-4-129(b). We find no error with this decision.

Where the evidence shows that both parties engaged in inappropriate marital conduct or other conduct constituting grounds for divorce, the courts may declare them divorced. *Fulbright v. Fulbright*, 64 S.W.3d 359, 364 (Tenn. Ct. App. 2001); *Earls v. Earls*, 42 S.W.3d 877, 884 (Tenn. Ct. App. 2000). The trial court's ruling, declaring the parties divorced, indicates a finding that both parties were somewhat at fault in the breakup of the marriage. We interpret this as an implicit finding that both engaged in inappropriate marital conduct and each was entitled to a divorce. The

---

[3]The modification of alimony is based upon the premise Husband has satisfied his obligation for the first year at $2,500 per month and is current on his alimony obligation for the second year, which heretofore has been payable at the rate of $1,800 per month.

evidence does not preponderate against that finding, and we therefore affirm the trial court's decision to declare the parties divorced pursuant to Tenn. Code Ann. § 36-4-129(b).

## ATTORNEY FEES

The trial court denied Wife's request for attorney fees. Wife contends this was error. She additionally requests attorney fees on appeal. Courts are to consider the relevant factors under Tenn. Code Ann. § 36-5-101(d) when deciding whether to award alimony, and attorney fees are considered a form of alimony *in solido*. *Koja v. Koja*, 42 S.W.3d 94, 98 (Tenn. Ct. App. 2000). We have already determined the financial obligations, specifically alimony, imposed on Husband exceeded his ability to pay. Awarding attorney fees would only aggravate the matter. Moreover, the award of attorney fees in divorce cases is left largely to the discretion of the trial judge and we should not interfere with the trial court's decision except when there is a clear showing that the trial court, in its discretion, reached the wrong conclusion. *Butler v. Butler*, 680 S.W.2d 467, 469-470 (Tenn. Ct. App. 1984). Finding no error with the trial court's decision to deny Wife's request, we affirm the trial court's decision and deny Wife's request for attorney's fees incurred on appeal.

## LIFE INSURANCE

Wife contends she should have been appointed trustee of the life insurance for the benefit of the children. Considering the evidence in the record indicating Wife's financial irresponsibility, we find no error with the trial court's decision to not appoint wife as the trustee.

## IN CONCLUSION

The judgment of the trial court is affirmed as modified and this matter is remanded to the trial court for entry of a judgment consistent with this opinion. Costs of appeal are assessed against both parties equally.

_____
FRANK G. CLEMENT, JR., JUDGE

-6-