Grant L. PARHAM, Jr., Plaintiff-Appellant,

v.

James L. HARDAWAY, etc., Department of Education of the State of Tennessee, et al., Defendants-Appellees.

No. 76–1052.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 4, 1977.

Decided and Filed May 13, 1977.

Elijah Noel, Jr., Ratner, Sugarmon, Lucas, Salky & Henderson, Memphis, Tenn., for plaintiff-appellant.

R. A. Ashley, Jr., Atty. Gen. of Tenn., Richard Lodge, Robert Littleton, Nashville, Tenn., for defendants-appellees.

Before LIVELY and ENGEL, Circuit Judges and FEIKENS, District Judge.*

* The Honorable John Feikens, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

ENGEL, Circuit Judge.

Plaintiff Parham was discharged from his employment by the Tennessee Department of Education at the Les Passees Rehabilitation Center in Memphis on the grounds of insubordination. He commenced suit in the district court asserting causes of action under 42 U.S.C. §§ 1981 and 1983 and under Title VII of the Civil Rights Act, 42 U.S.C. § 2000–e, *et seq.* After a trial on the merits, the district court ruled that plaintiff's dismissal was neither racially motivated nor in retaliation for his having filed a complaint with the EEOC. The trial court found no merit in Parham's claim that his discharge was arbitrary and capricious and therefore in violation of his right to due process under the Fourteenth Amendment. It further ruled: "Even if Parham had an interest in continued employment, he was afforded the minimal due procedural safeguards which the due process clause requires on this record."

Our review shows ample support for the district court's ruling that there was no racial motivation for Parham's discharge and that he was accorded procedural due process. Indeed these findings are not directly contested on review. Instead Parham claims that his employer's complaints of insubordination were so minimal that his discharge for this reason amounted to arbitrary and capricious action which violated his right to substantive due process under the Fourteenth Amendment. See generally, *Jeffries v. Turkey Run Consolidated School Districts,* 492 F.2d 1 (7th Cir. 1974).

The immediate event which triggered Parham's discharge was his refusal, upon specific order, to sign leave-without-pay forms. Signing the form is an administrative requirement of an employee who takes time off without sufficient leave-with-pay to cover the absence. Parham's refusal of requests by his supervisors that he sign the form and his refusal of an order to appear at the office of the regional coordinator to discuss the problem led to his suspension and eventual discharge. This intransigence, which Parham claims is minimal and pretextual, however, must be viewed against a finding of the district court that there existed a background of considerable employer dissatisfaction with his work habits.

It is now well settled that while the Due Process Clause protects certain property rights of citizens, it does not create them. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Ryan v. Aurora Board of Education,* 540 F.2d 222 (6th Cir. 1976); *Wells v. Board of Regents,* 545 F.2d 15 (6th Cir. 1976).

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understanding that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

*Board of Regents v. Roth, supra,* at 577, 92 S.Ct. at 2709.

In its opinion the district court held:

> Parham was a non-tenured employee of the Tennessee Department of Education. While he had no contractual rights, he may have had expectancy of continued employment in view of his length of service at the hospital. He was not, however, protected by the Tennessee Civil Service laws.

The court further held:

> The plaintiff could legally be dismissed "for the good of the service" and the record in this case does not show racial bias to be a motivation or basis for his discharge. Under the circumstances there was no want of substantive due process.

We accept the district court's tenable view of the state law of Tennessee in the absence of any authoritative state court interpretation clarifying the tenure of an employee such as Parham. *Bishop v. Wood, supra,* 426 U.S. at 345, 96 S.Ct. 2074; *Wells v. Board of Regents, supra.* The district

court's finding that Parham was not subject to the protection of the Tennessee Civil Service laws, TCA § 8–3201, *et seq.*, is not challenged. Parham, however, points to the language of an Employee Handbook, issued by the Tennessee Department of Personnel, and particularly that portion which reads:

*PROBATIONARY PERIOD*

Every person appointed to fill a permanent position with Tennessee State Government must successfully complete a probationary period before he obtains permanent status in his position. The probationary period is the last part of the appointment process. It gives your supervisor an opportunity to observe you on the job so that he may determine whether or not you are capable and willing to perform your duties in a satisfactory manner.

The probationary period is normally six months, but your department head may request an extension of the probationary period if he wants more time in which to decide on your qualifications for the job. In any case, the maximum length of the probationary period is one year. At the close of your probationary period, you will be given a permanent appointment if your work has been satisfactory.

Because he had been an employee for six years at the time of his discharge, Parham claims that the language of the Employee Handbook conferred upon him a "property" interest in continued employment even in the absence of any right secured by contract or formal tenure law.

■ It is true, of course, as the Supreme Court made clear in *Perry v. Sindermann, supra*, 408 U.S. at 601, 92 S.Ct. at 2699, that " 'property' interests subject to procedural due process protection are not limited by a few rigid, technical forms," but may indeed arise under less formal conditions. However, the district judge's finding nevertheless has support both in Tennessee case law and in applicable regulations promulgated by the Governor. His finding that plaintiff could be legally dismissed "for the good of the service" tracks the language in § 38.215 of *Personnel Management Policies and Procedures* established by executive order of the Governor of Tennessee:

An employee, regardless of occupation, position, profession or work performed, may be warned, suspended or dismissed by an appointing authority whenever he considers the good of the service to be served thereby.

It is apparent that the district court treated this language as a determination by the State of Tennessee that, at least where not otherwise provided, employment with the state is terminable at will. This accords with what little we have been able to ascertain of existing Tennessee law declared by its courts. Thus, in *Little v. Federal Container Corp.*, 452 S.W.2d 875, 877, (Ct. App.Tenn.1969), it was held with respect to private employment contracts that:

Generally, a contract of employment for an indefinite term is a contract at will and may be terminated by either party, *Combs v. Standard Oil Co. of Louisiana*, (1933), 166 Tenn. 88, 59 S.W.2d 525; *McCall v. Oldenberg*, (1964), 53 Tenn.App. 300, 382 S.W.2d 537.

And in *Shannon v. The Board of Education*, 199 Tenn. 250, 286 S.W.2d 571 (1955), the Supreme Court of Tennessee, speaking through Chief Justice Neal, held that in the absence of the express provisions of the Tennessee Teacher Tenure Act, a teacher was not otherwise entitled to re-employment as a matter of right beyond the period of his contract.

■ We think it is significant that, while the sufficiency of a claim to entitlement to a property interest in employment must be decided by reference to state law, *Bishop v. Wood, supra*, 426 U.S. at 344, 96 S.Ct. 2074, plaintiff has not cited any Tennessee authority to support his claim to such entitlement. His claim to the classification as a "permanent" employee within the meaning of the Employee Handbook no more provides him with that expectancy of continued employment than did the same classification, standing alone, confer such a status upon the petitioner in *Bishop v. Wood*. Accordingly, we hold that the district court did not err in determining that Parham, being nontenured, did not enjoy such a protected property interest in his continued employment under Tennessee law

as to entitle him to the protection of the Fourteenth Amendment.

 While it therefore appears the decision of the district court is fully supported by the evidence before it and by the law, it is not inappropriate, we think, to observe as did the district court, that Parham would fare no better were we to reach the merits of his due process claim. No claim is made of a denial of procedural due process, and indeed, it is clear from the record that Parham was accorded procedures fully compatible with procedural due process even though, as we have found, it was not mandated by any requirement of federal constitutional law. Of course, the fact that a state "may voluntarily offer 'reasons' by its policies does not in itself create a federal right that does not otherwise exist." *Ryan, supra,* at 228. Similarly, we think it is apparent upon the record, and so found by the trial judge, that his discharge was not arbitrary and capricious. While the complaint of insubordination, viewed in isolation, may appear to be minimal, it must be understood against a background of the employer's repeated difficulty with Parham and against the legitimate state interest of the department in achieving uniform compliance with its reasonable directives.

The judgment of the district court is affirmed.