David Paul ROBERTSON, et al.,
Plaintiffs-Appellants,

v.

Robert L. McELRATH, et al.,
Defendants-Appellees.

Court of Appeals of Tennessee,
Western Section, at Nashville.

Oct. 14, 1983.

Permission to Appeal Denied by
Supreme Court Dec. 19, 1983.

H. Philip Sadler, Donelson, for plaintiffs-appellants.

R. Stephen Doughty, Asst. Atty. Gen., and William M. Leech, Jr., Atty. Gen., and

Reporter, of counsel, Nashville, for defendants-appellees.

TOMLIN, Judge.

Plaintiffs, former employees of the Central Administrative Unit of the State Area Technical School System, filed suit in the Chancery Court of Davidson County against the defendants, claiming the right to retain their positions under the State Teacher Tenure Law. They contended that their employment could not be terminated by the abolition of their positions as part of a reorganization plan of the Central Administrative Unit. The chancellor dismissed the plaintiffs' complaint on the grounds that they were not tenured employees of the state, and that they were afforded due process on their appeals. These two issues are presented to this Court by this appeal, and we resolve them both in favor of the defendants.

The parties to this action are as follows: Plaintiff Robertson, Director of Planning and Development, and Plaintiff Jackson, Educational Director, who had been employees of the Central Administrative Unit in the Department of Education for thirteen and fourteen years respectively. The task of the CAU is to prepare the curriculum, operating manuals, and instructional programs to be used by the Area Vocational Technical Schools throughout the state. Defendant McElrath is Commissioner of Education, and in that capacity he also serves as Chairman of the State Board of Education. Defendant Dr. Dickerson is Assistant Commissioner for Vocational Education and serves as Supervisor of the Division of Vocational Education, one of the three divisions of the Department of Education; *see* Tennessee Code Annotated § 49–111(3). The defendant Jennie Pugh is the Acting Head of the Area Vocational-Technical School System of which the CAU is a portion.

The positions held by plaintiffs were two of four positions out of a total of eight in the CAU that were designated to be abolished as part of the implementation of an "umbrella plan" of reorganization. The purpose of the "umbrella plan" was to streamline the CAU and assign many of its functions to the individual area schools and technical institutes across the state. Dr. McElrath testified at trial that this reorganization was not conceived to save the state money but to give the State Area Vocational-Technical Schools greater flexibility and a quicker turn-around on services needed immediately by industry.

To decide the issues before this Court, we must first determine under the statutes whether the plaintiffs were employees of the Department of Education, or whether they were employees of the State Board of Education. When considering both these issues two underlying principles must be kept in mind in an appeal to this Court from a bench trial without a jury. First of all, where a case is tried upon oral testimony the trial judge's findings of fact depend upon the credibility of witnesses and are entitled to great weight in the appellate courts. *Fiddler's Inn, Inc. v. Andrews Distribution Co.*, 612 S.W.2d 166 (Tenn.App.1980). Furthermore, in such cases appeals to this Court are *de novo* upon the record, and the trial court's findings are accompanied by a presumption of correctness that must stand unless we find the evidence preponderates against them. Tennessee Rules of Appellate Procedure 13(d).

T.C.A. § 49–1423 provides in part as follows:

The state board of education is hereby authorized and directed to establish a system of tenure for teachers in schools and institutions under its jurisdiction except those for whom a system of tenure is already in effect pursuant to §§ 49–1421 and 49–1422.

T.C.A. § 49–1424 provides:

For the purpose of §§ 49–1423—49–1425, the word "teacher" shall mean any person employed by the state board of education in a full time position as an administrative officer or teacher in a school or other educational institution except a college or university, provided that the word "teacher" as defined in §§ 49–1423—49–

1425 shall not apply to the principal or chief administrative officer of such school or institution.

The chancellor found that the plaintiffs were not employees of the State Board of Education, and that they were not employed in a school or institution under the State Board of Education, so that under the above-quoted statutes they could be afforded no tenure protection.

Pursuant to T.C.A. § 49–111(3), the division of vocational education is a division of the Tennessee Department of Education. Pursuant to T.C.A. § 49–110, all divisions of the department and all offices of the department are under the "supervision, direction and control of the commissioner of education."

T.C.A. § 49–106 creates a State Board of Education, and T.C.A. § 4–3–801 creates a Department of Education. In addition, T.C.A. § 49–105 delineates the powers and duties of the Commissioner of the Department of Education. It states in part:

> The commissioner shall be, ex officio, member and chairman of the state board of education, and shall have a vote on all questions coming before the board, and it shall be the duty of said commissioner of education:
>
> (1) To appoint all heads and subordinates in the department and divisions thereof, except supervisor of agriculture, supervisor of trades and industry, supervisor of home economics, supervisor of rehabilitation who shall be elected by the state board of education, who shall fix their compensation subject to the approval of the federal board, if required, except teachers and other county school officers. All appointments made by the commissioner shall be made subject to the governor's approval.

As revealed by T.C.A. § 49–27–104, the position of "supervisor of agriculture" referred to in the above-quoted statute has reference to the position of "assistant commissioner of vocational education." Thus it is clear that the Legislature expressly singled out only one employee of the Division of Vocational-Technical Education, that being the Assistant Commissioner for Vocational Education, to be employed by the State Board of Education rather than the Department of Education, making this position a tenured one.

The proof in this case is uncontradicted that the plaintiffs were employees in the Division of Vocational Education. Even though the proof is also clear that the recommendations for employment that were submitted to the State Board of Education were acted upon by the Commissioner of Education, under the statutes it would make no difference if the plaintiffs' contentions that they were hired by the State Board of Education were true. As noted in T.C.A. § 49–105, *supra,* the statute giving the commissioner-appointment power over personnel exempts with specificity those employees of the department who were to be elected by the Board of Education. Neither of the positions held by the plaintiffs is found among these express exemptions.

The plaintiffs were employees of the Department of Education in the central office in Nashville. Both defendants Dickerson and McElrath testified that no employees of the department in the central office in Nashville were tenured. This is consistent with the provisions of T.C.A. § 49–1423 quoted above. Even if this Court were to find that the plaintiffs were employees of the State Board of Education, it is clear from that statute that only "teachers" employed in school facilities across the state or other schools or institutes enumerated in T.C.A. § 49–112(3) are under the system of tenure, and that other employees of the State Board of Education (of which the plaintiffs would be) are not. Therefore, the proof in this case does not preponderate against the chancellor's finding that the employees were not employees of the State Board of Education, and that they were not employed in a school or other educational institute, and hence were not subject to the tenure system.

The remaining issue to be disposed of is the allegation by the plaintiffs that they were denied due process in that the grievance procedures afforded to them were de-

ficient. In our opinion, the case of *Parham v. Hardaway,* 555 F.2d 139 (6th Cir.1977) is dispositive of this issue. In *Parham,* the plaintiff, an employee of the Tennessee Department of Education, was discharged for insubordination. After accepting the district court's finding that the employees of the Department of Education of Tennessee were not tenured, the Sixth Circuit stated:

> Accordingly, we hold that the district court did not err in determining that [plaintiff], being nontenured, did not enjoy such a protected property interest in his continued employment under Tennessee law as to entitle him to the protection of the Fourteenth Amendment.

*Id.* at 141–142.

In other words, no process is due the plaintiffs but that which the state voluntarily gives them. It is undisputed that both plaintiffs were voluntarily given grievance procedures. Plaintiff Jackson was given the benefit of appealing his termination under the grievance procedures set forth in the Rules of the Tennessee Department of Personnel, although the "grievance" rules clearly state that they are not applicable to actions caused by a reduction in force, which this clearly was. Rule 1120–7–1–.07(1)(a), Rules of the Tennessee Department of Personnel, Employee Relations. To say the least, Plaintiff Jackson was given more of an opportunity to be heard than he was entitled to under the rules.

Inasmuch as Plaintiff Robertson was determined to be a supervising employee, he was afforded the Administrative Appeals procedure as opposed to the grievance procedures. At this point it might be noted that the record is clear that neither Plaintiff Robertson nor his counsel requested that witnesses be called on his behalf. His complaint is that the first two steps of the appeals procedure were bypassed in his case. § .02(3) of Chapter 1120–7–6 of the Rules states that: "Eligible employees may submit adverse action appeals to establish steps within their respective agencies for due consideration. There shall be at least one, but not more than three levels of consideration within each state agency, de-

pending upon size and organization of that agency." It is clear that the rules do not mandate the inclusion of all three steps. Plaintiff Robertson was given the required one step of appeal.

Accordingly, the decree of the chancellor is affirmed. Costs in this cause are taxed to the plaintiffs, for which execution may issue, if necessary.

NEARN, P.J. (W.S.), and HIGHERS, J., concur.