DIANA SUE LONG, )
)
       Plaintiff/Appellee, )      Appeal No.
)       01-A-01-9701-CV-00003
v. )
)      Davidson Circuit
MICHAEL GEORGE LONG, )      No.    93D-4318
)
       Defendant/Appellant. )

**FILED**

**July 9, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT FOR  DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE MURIEL ROBINSON, JUDGE

ROSE PALERMO
Cheatham & Palermo
43 Music Square West
Nashville, Tennessee  37203
      ATTORNEY FOR PLAINTIFF/APPELLEE

DAVID H. HORNIK
222 Second Avenue North
Suite 360M
Nashville, Tennessee  37201-1649
      ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# OPINION

This is an appeal by the defendant, Michael George Long, from that portion of the trial court's judgment which awarded alimony in futuro to his former wife, Diana Sue Long, who was the plaintiff below.

## I.

When the parties divorced in June of 1996, they had been married for over 27 years. At the time of the divorce, the wife was 48 years of age and the husband 49.

During the marriage, they had two children, a son born in 1976, and a minor daughter, born in 1986. The parties stipulated, inter alia, that the wife should be awarded an absolute divorce from the husband on the grounds of inappropriate marital conduct, that the wife should be awarded the absolute care, custody, and control of the parties' minor daughter, and that their marital property should be divided equally.

The parties met while they were both attending West Virginia University in Morgantown, West Virginia. After two years of college, the wife discontinued her education and worked full time while the husband attended school and completed a four-year degree. For the first six years of the parties' marriage, the wife worked as a secretary. She stopped working when the parties decided that they wanted a family and she did not work again until twenty years later when she obtained part-time employment in October 1994 as a sales clerk for J. C. Penney.

At J. C. Penney, the wife was working twenty hours per week earning $6.10 per hour which amounted to a monthly net earning of $400.00. She testified that she could have obtained full time employment at J. C. Penney but that the additional hours would entail her working on weekends and evenings which would be difficult with her daughter at home. The wife testified that she did not object to working full time and that she knew full-time work would be necessary for her to maintain herself and her minor daughter. However, she wanted a full-time job which would require her to work only in the daytime, Monday through Friday. The record also shows that the wife is suffering from a physical ailment which consists of nerve damage in her

hand. This condition inhibits the wife's ability to lift and raise her fingers such that she is prohibited from engaging in secretarial work or other work which would require the use of her fingers.

The husband, who went to work directly out of school, is currently employed by Bridgestone/Firestone. At the time of the divorce, the husband had a gross annual income of approximately $87,000.00. The husband testified that, in addition to this amount of gross income, his girlfriend was earning approximately $45,000.00. He said that he lived with her and paid her $300.00 per month for expenses. He paid no other expenses other than this $300.00 per month. The husband admitted at trial that he could afford to pay the alimony requested by the wife but that he had concerns for paying permanent alimony because he was uncertain about his job and what his ability to pay "down the road" might be.

II.

The husband's first issue is whether the trial court erred in awarding the wife alimony in futuro rather than rehabilitative alimony. Our supreme court has noted that while the legislature has expressed a preference for rehabilitative alimony, a court may grant alimony in futuro where rehabilitation is not feasible. *Aaron v. Aaron,* 909 S.W.2d 408, 410 (Tenn. 1995); *Self v. Self*, 861 S.W.2d 360, 361 (Tenn. 1993); Tenn. Code Ann. § 36-5-101(d)(1)(1996). The amount of alimony awarded in any case is a matter of discretion for the trial court in view of all of the particular circumstances. *Aaron*, 909 S.W.2d at 410. "While there is no absolute formula for determining the amount of alimony, 'the real need of the spouse seeking the support is the single most important factor. In addition to the need of the disadvantaged spouse, the courts most often consider the ability of the obligor spouse to provide support.'" *Id.* (quoting *Cranford v. Cranford*, 772 S.W.2d 48, 50 (Tenn. App. 1989). Moreover, the court must determine the amount of alimony such that "'the party obtaining a divorce [is not] left in a worse financial situation than he or she had before the opposite party's misconduct brought about the divorce.'" *Aaron,* 909 S.W.2d at 410-11 (quoting *Shackleford v. Shackleford*, 611 S.W.2d 598, 601 (Tenn. App. 1980). "While alimony is not intended to provide a former spouse with relative financial ease, we stress that alimony should be awarded in such a way that the

spouses approach equity." *Aaron*, 909 S.W.2d at 411.

The Court in *Aaron* reviewed and upheld the trial court's award of alimony in futuro in a factually similar case. There, the parties had been married for many years when they divorced on the grounds of the husband's inappropriate marital conduct at which time he was forty-five years of age and his wife, forty-six. While together, they had enjoyed a high standard of living with the husband being the primary wage-earner and the wife being a homemaker without work experience or a college decree. In upholding a significant award of alimony in futuro, the supreme court concurred in the lower court's finding that the wife was not capable of rehabilitation. Furthermore, it noted that the husband had offered no proof that he was unable to pay the alimony ordered by the trial court.

The facts in the instant case, when compared to the similar facts in *Aaron*, strongly support the trial court's award of alimony in futuro. The Longs have been married for an even longer period than the Aarons. During the Longs' twenty-seven year marriage, the husband has been building a career outside of the home while the wife has, for the most part, worked within the home such that she has no college degree and only limited outside-work experience. The Longs were older at the time of their divorce with the wife being forty-eight years of age and the husband being forty-nine. The Longs, like the Aarons, enjoyed a high standard of living during their marriage. Ms. Long offered proof that in order for her and the parties' daughter to maintain their pre-divorce standard of living, she would need $4,600 per month. The husband acknowledged the need on behalf of the wife of at least $3,600 per month. A significant difference in the two cases is that Ms. Long suffers from medical problems which may prohibit her from doing the only type of work in which she has any experience.

The record clearly shows that the wife is a disadvantaged spouse and that rehabilitative alimony is not feasible because of her lack of work experience and her medical problems. It is unlikely that she will ever be able to approach the level of income which her husband is able to enjoy. We are of the opinion that the alimony in futuro awarded to Ms. Long is necessary for her to continue to maintain a reasonable standard of living which is at least somewhat comparable to that which she experienced before the breakup of her marriage. Thus, we reject the husband's

challenge to the trial court's award of alimony in futuro.

III.

In the husband's second issue, he contends that the trial court erred by stating that the wife's full-time employment would "not be sufficient grounds to warrant a reduction or termination" of the alimony in futuro. At the end of the trial, upon finding this to be a case for alimony, the court made the following observations: "This is a marriage of long duration. There is no doubt about it at all, no question at all that Mrs. Long is hampered in her ability to earn an income at this point. So alimony is awarded, *considering that she is going to have full time employment*." (emphasis added). The husband argues that this language forecloses the availability of modification of the award for "a substantial and material change of circumstances" in direct contravention of the Tennessee Code. Tenn. Code Ann. § 35-5-101 (1996).

We disagree with the husband's characterization of the trial court's ruling and find that, by its language, the court was simply informing the parties that it contemplated the wife's full-time employment so that this would not be a "a substantial and material change of circumstances." *Id.* In *Norvell v. Norvell*, 805 S.W.2d 772 (Tenn. App. 1990), this court rejected a husband's petition to modify the amount of alimony he was paying his former wife. With regard to the wife's obtaining employment subsequent to the divorce, the court noted that the "[h]usband introduced no proof to show that at the time the original divorce decree was entered it was unanticipated or unforeseen that [the w]ife would become gainfully employed. To the contrary, it appears that employment of [the w]ife was most certainly anticipated, inasmuch as the original decree placed upon her the obligation of paying two mortgages." *Id.* at 775. In this case, the court removed any need for speculation by explicitly stating that it anticipated Ms. Long's future employment. By so doing, the court has not preempted the statutory right of the husband to seek a modification under proper circumstances. Indeed, if the wife is one day able to earn more money than the proof showed she is currently capable of earning, nothing in the trial court's order would prevent a future modification.

IV.

-5-

Lastly, the wife's counsel has sought attorneys' fees for the services rendered in this court on her behalf. In this instance, the husband presented no valid reason why the trial court's award should be reversed. We find no competent legal argument to justify the husband's position which appears to be motivated by nothing more than his desire to escape his obligation to his wife. Tennessee Code Annotated Section 36-5-101(I) provides, in pertinent part, that "[t]he court may, in its discretion, at any time pending the suit . . . make any order that may be proper to compel a spouse to pay any sums necessary . . . to enable such spouse to prosecute or defend the suit." Under the facts and circumstances of this case, we are of the opinion that the wife should be awarded her reasonable attorneys' fees for defending this matter in this court. It therefore results on remand that the trial court shall make a determination of the amount of the fees to be paid by the husband.

In light of the foregoing, the judgment of the trial court is affirmed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Costs are taxed to defendant/appellant, Michael George Long.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
WILLIAM C. KOCH, JR., J.