IN THE COURT OF APPEALS OF TENNESSEE

FILED

March 15, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

AT KNOXVILLE

VERA ELIZABETH THOMAS,          ) C/A NO. E1999-00563-COA-R3-CV
                                )
        Plaintiff-Appellee,     ) HAMILTON CHANCERY
                                )
vs.                             ) HON. W. FRANK BROWN, III
                                ) CHANCELLOR
KENNETH LAMAR THOMAS,           )
                                ) AFFIRMED AND
        Defendant-Appellant.    ) REMANDED

SANDRA J. BOTT, Chattanooga, for Plaintiff-Appellee.

DAVID W. NORTON, Chattanooga, for Defendant-Appellant.

**O P I N I O N**

Franks, J.

          In this divorce action, the husband appealed from the award of alimony
to the wife.

The wife was 49 years old at the time of trial, and the husband was 52. The parties have been married for 28 years, with three adult children.

At the conclusion of the trial, the Court awarded wife alimony in futuro and attorney's fees, and made a division of the marital property. The husband filed a Motion to Alter or Amend, which resulted in the Court's lowering the amount of alimony previously awarded to $2,750.00 for February 1999, $2,250.00 per month for March through August 1999, $1,750.00 per month from September through December 1999, and $1,500.00 per month thereafter, until her remarriage or death.

The husband's brief on appeal contains a statement of the issues presented for appeal, and includes an issue which asks "[w]hether the Trial Court erred in awarding the wife a disproportional share of the parties assets." The remainder of the brief, however, contains no argument with regard to this issue.

Rule 6 of the Rules of the Court of Appeals of Tennessee states that:

(a) Written argument in regard to each issue on appeal shall contain:

1.  A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

2.  A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

3.  A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

4.  A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

2

(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument thereon contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument upon such assertion contains a reference to the page or pages of the record where evidence of such fact is recorded.

Not only does husband's brief fail to provide the necessary statements and references to the record as enumerated, it fails to set forth any arguments in support of this issue. Thus, the issue will not be considered by the Court. *See Forde v. Fisk University*, 661 S.W.2d 883 (Tenn. Ct. App. 1983).[1]

As to the issue of alimony, we review the Trial Court's finding of fact *de novo* with a presumption of correctness. T.R.A.P. Rule 13(d). No presumption of correctness attaches to the Trial Court's conclusions of law.

The Trial Court found that the wife needed alimony, due to her lack of income and her health problems, as well as the long duration of the marriage, the parties' relative earning capacities in the future and the standard of living enjoyed during the marriage. The Trial Court did encourage the wife to get secretarial or other training so she could generate some income for herself, and this was the reason that the Court allowed for a decrease in alimony after a certain period of time. The Court further found that the husband had the ability to pay alimony to the wife.

The wife testified she had been treated for depression, an ulcer, colitis, hypoglycemia and glaucoma. In this 28 year marriage, the wife testified she had not worked outside of the home in more than twenty years, and that she had tried to find employment since the parties separated, but had met with no success.

The husband testified that he worked for Fletcher Bright Company until 1995, and then became self-employed. Although his income with Fletcher Bright had been significantly higher, the Trial Court found the husband's net income since

---

[1]

We also note that the husband failed to set forth the proper tabulation of marital property required by Rule 15 of the Rules of the Court of Appeals of Tennessee.

becoming self-employed had averaged around $50,000.00 per year. The evidence does not preponderate against the Court's finding that the wife had a need for alimony and that the husband had the ability to pay. T.R.A.P. Rule 13(d).

The parties' tax returns for the last three years demonstrated that husband's average yearly net income was approximately $50.000.00 and increasing. Wife had no recent job experience, and had no marketable skills or prospects of employment.

Husband argues that the Court should have awarded wife rehabilitative alimony rather than alimony in futuro. Tenn. Code Ann. §36-5-101 makes clear that there is a preference for rehabilitative alimony, but the courts may grant alimony in futuro where rehabilitation is not feasible. *Long v. Long*, 968 S.W.2d 292 (Tenn. Ct. App. 1997). *See also Brown v. Brown*, 1990 WL 140912 (Tenn. Ct. App. 1990); *Crabtree v. Crabtree,* 1998 WL 382210 (Tenn. Ct. App. 1998).

*Ford v. Ford*, 952 S.W.2d 824 (Tenn. Ct. App. 1996), and *Long v. Long*, 968 S.W.2d 292 (Tenn. Ct. App. 1997), teach that is improper to award rehabilitative alimony where rehabilitation is not feasible. These cases and others deal with situations where one spouse was so economically disadvantaged when compared with the other spouse, that the spouse could not be economically rehabilitated. Similarly here, rehabilitation is not feasible because of the great earnings disparity between the parties. Wife is almost 50 years old, has health problems, no marketable skills, and no real job experience. The Trial Court properly considered all of the factors when making the award of alimony to the wife, and we affirm the judgment.

Wife has asked this Court to make an award of her attorney's fees incurred on the appeal, which we can do, if proper. *See Seaton v. Seaton*, 516 S.W.2d 91 (Tenn. 1974). Attorney fees are considered as additional alimony. *Ford*, and *Long, Keisler v. Keisler*, 1997 WL 427026 (Tenn. Ct. App. 1997). We conclude the record establishes a basis to award the wife her reasonable attorney's fees incurred on the appeal. *See Sanella v. Sanella*, 993 S.W.2d 73 (Tenn. Ct. App. 1999).

The judgment of the Trial Court is affirmed and upon remand, the Trial Court will set the wife's reasonable attorney's fees for her representation on appeal, and the amount will be awarded against the husband as additional alimony.

4

The cost of the appeal is assessed to the appellant.

_____
Herschel P. Franks, J.

CONCUR:


_____
Charles D. Susano, Jr., J.



_____
D. Michael Swiney, J.