IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 16, 2001 Session

## LINDA DARLENE MUSICK v. CALVIN LESLIE MUSICK

**Direct Appeal from the Chancery Court for Sullivan County**
**No. C7219     Hon. John S. McLellan, III., Judge**

**FILED DECEMBER 4, 2001**

**No. E2001-01140-COA-R3-CV**

The Trial Court granted parties a divorce, divided marital property, and awarded alimony. The parties have appealed on issues of evidence, division of marital property, the granting of alimony, and wife's attorney's fees. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Thomas C. Jessee, Johnson City, Tennessee, for Appellant.

David S. Haynes, Bristol, Tennessee, for Appellee.

### OPINION

In this divorce action, following trial, the Trial Court granted the wife a divorce on the grounds of inappropriate marital conduct, with primary custody of the son to the mother. The Court ordered an equal split of the personalty in the marital residence and the husband's apartment, and determined the marital residence had a value of $215,000.00, and ordered the house to be sold with the proceeds divided 80% to the wife and 20% to the husband. The wife was awarded her motor vehicle, and the husband was awarded his jeep with its attendant debt. The Court found that the husband's share of his business had a premarital value of $108,750.00, and that it was currently worth $190,000.00, which made the increase in marital value of $81,250.00 as marital property,

which was awarded to the husband.

The Court determined the husband's net income was $2,100.00 per month, and set child support at $441.00. The Court further found the wife was economically disadvantaged relative to the husband, but she had a college degree and could be rehabilitated. The wife was awarded rehabilitative alimony of $1,500.00 a month for two years, and then $1,000.00 per month for two years, and then $500.00 per month for one year. The Court ultimately refused to award the wife attorney's fees, noting that the Court had taken attorney's fees into consideration when allocating to her 80% of the proceeds of the sale of the marital residence to the wife. Subsequently, the marital residence was sold for $189,000.00, and we granted the wife's motion to consider this fact on appeal.

The issues presented on appeal are as follows:

1.     Was husband's business properly valued by the trial court and/or the experts?

2.     Did the trial court err in its property and debt classification and distribution?

3.     Should the court have considered husband's dissipation of assets?

4.     Did the trial court err in ordering husband to pay alimony to wife, and should that alimony have been in futuro rather than rehabilitative?

4.     Did the trial court err in failing to award wife her attorney's fees and expenses?

5.     Is the wife entitled to attorney's fees and costs on appeal?

The husband argues that the business was not properly valued by the Trial Court because neither of the experts tendered by the parties followed the Supreme Court's direction in *Blasingame v. American Materials, Inc.*, 654 S.W.2d 659 (Tenn. 1983). In *Blasingame*, the Court was faced with the issue of how to properly value the stock of a dissenting stockholder, and decided to follow the Delaware rule requiring the use of three methods, market value, asset value, and investment or earnings value. *Id*. The husband argues that his own expert did not comply with these requirements, and we agree. But husband's counsel was aware of the *Blasingame* case, as evidenced by his comments in the trial transcript, and moreover, husband's expert admitted that he and husband's counsel had discussed it. Since the husband had the opportunity to present any evidence he chose on the issue at trial, he is bound by the evidence he presented. *Watters v. Watters*, 959 S.W.2d 585 (Tenn. Ct. App. 1997). *Also see* Tenn. R. App. P. 36(a).

Wife agrees that husband's expert did not follow the requirements of *Blasingame*, and asks this Court to base its finding on her expert's value of the business. It appears the wife's expert did comply more closely with the requirements of *Blasingame*, but wife's expert admitted that his value did not account for any real losses due to the fire, pollution damage, and other issues which

had an effect on the business's value. Thus, while neither expert's opinion was problem-free, the testimony did provide the Court with a reasonable range of value for the husband's interest in the business, and the court was free to assign a value within that range. *Koch v. Koch*, 874 S.W.2d 571 (Tenn. Ct. App. 1993); *Brock v. Brock*, 941 S.W.2d 896 (Tenn. Ct. App. 1996). *Also see Kinard v. Kindard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). The evidence does not preponderate against the Trial Court's finding as to the husband's interest in the business.

Both parties argue the Court erred in its distribution of assets. Additionally, the wife argues the Trial Court erred in valuing the marital residence.

Valuation of an asset is a question of fact, *Kinard*, and the parties are bound by the evidence they presented, and the Trial Court's finding of value comes to this Court with a presumption of correctness. *Kinard.*

The only evidence presented as to the value of the house was the testimony of the parties. The Court's determination of the issue was based on the parties' credibility, and the Trial Court decided to accept the husband's assessment of the value. But the wife argues that the Court should take notice of the post-judgment fact that the house only sold for $189,000.00. The Supreme Court, however, has made it clear that post-judgment facts relating to disputed issues which the party seeks to relitigate after the trial will not be considered. *Duncan v. Duncan*, 672 S.W.2d 765 (Tenn. 1984). *Also see Wade v. Wade*, 897 S.W.2d 702 (Tenn. Ct. App. 1994). On these authorities, it is not appropriate to consider the post-judgment fact of the selling price of the house. The parties chose to present the Court with only their own opinions as to the value of the home, and the Court's ruling was within the range of the evidence. The evidence does not preponderate against the Trial Court's finding. Tenn. R. App. P. Rule 13(d).

Wife argues that the Court erred in classifying certain debts incurred by the husband as marital property, as well as funds spent by the husband. We find these issues to be without merit. *See Mondelli v. Howard*, 780 S.W.2d 769 (Tenn. Ct. App. 1989).

Our standard of review of the Trial Court's property valuation and distribution is *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. *Mondelli*, and we conclude the Trial Court's distribution was almost equal, although it slightly favored the wife, which we find to be equitable. *See Ellis v. Ellis*, 748 S.W.2d 424 (Tenn. 1988).

The husband argues that the Trial Court erred in awarding alimony to the wife, because he does not have the ability to pay. The Trial Court determined the husband's earnings were approximately $2,100.00 per month, and considering the statutory factors contained in Tenn. Code Ann. §36-5-101(d)(1), we find the evidence does not preponderate against the Trial Court's award. Moreover, the statute clearly expresses there is a preference for rehabilitative alimony, where alimony is feasible. *Long v. Long*, 968 S.W.2d 292 (Tenn. Ct. App. 1997). We affirm the award of alimony.

Finally, the wife argues that the Trial Court erred in failing to award her attorney's fees. Attorney's fees awards in divorce actions are typically viewed as an additional award of alimony, and the Trial Judge, in denying an award of attorney's fees, stated that he had taken the same into consideration when awarding the wife a greater share of the marital estate. As we have noted, "If the final decree awards wife sufficient funds out of which her needs and counsel fees can be reasonably met, then an award of attorney's fees is inappropriate." *Wade v. Wade*, 897 S.W.2d 702, 719 (Tenn. Ct. App. 1994). We also decline to award the wife's attorney's fees on appeal.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed one-half to each party.

_____
HERSCHEL PICKENS FRANKS, J.