IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 12, 2001 Session

## AMY ADELIA JENNINGS ARNOLD, v. KEVIN SCOTT ARNOLD

**Direct Appeal from the Chancery Court for Hamblen County**
**No. 2000-112     Hon. Thomas R. Frierson, II., Circuit Judge**

**FILED FEBRUARY 4, 2002**

**No. E2001-00527-COA-R3-CV**

In this divorce action, husband has appealed the amount of child support awarded, the custody award, and the alimony and attorney's fees awarded to wife. On appeal, we affirm the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

C.E. Bud Cunningham, Morristown, Tennessee, for Appellant, Kevin Scott Arnold.

Connie G. Trobaugh, Morristown, Tennessee, for Appellee, Amy Adelia Jennings Arnold.

**OPINION**

In this divorce action, the husband has appealed and has raised the following issues as stated in his brief:

1.    Did the Trial Court err in the calculation of child support by applying an incorrect income level for the annual period considered by the Court?

2.    Did the Trial Court abuse its discretion on December 18, 2000 in awarding Plaintiff/Wife sole custody instead of formulating a shared parenting arrangement consistent with the new Tennessee law effective January 1, 2001?

3.    Did the Trial Court abuse its discretion in awarding wife who is highly

educated, physically capable, and fully able to earn a higher income, permanent alimony primarily on the finding that the Husband had engaged in an extra marital relationship?

4.     Did the Trial Court likewise abuse its discretion by awarding attorney fees as a form of alimony to the Wife primarily on the finding that the Husband had engaged in an extra marital relationship where the Wife's liquid assets and disposable income far exceed those of the husband?

The wife instituted the divorce action. The parties were married in December of 1989, and separated in January of 2000. At the time the action was filed, the parties had one child who was approximately two years old, and the wife was pregnant with the parties' second child.

Following the trial, the Court filed a Memorandum Opinion awarding the wife a divorce on the grounds of inappropriate marital conduct, and ordered custody of the children to the wife. The Court found that the parties did not have a cooperative relationship as would support an award of joint custody, but that both parties had good relationships with the children, and that some of the husband's conduct had a deleterious impact on the children, but the husband was awarded visitation on Tuesday evenings, alternate weekends and holidays, and two weeks in the summer.

The Court found the husband's gross monthly income to be $3,865.00 and set support at $923.00 per month, in accordance with the guidelines. The Court divided the parties' marital property by awarding wife the marital residence, but she was required to pay the husband one-half of the equity therein, after certain deductions and other property divisions were made.

The Trial Court recognized the legislature had demonstrated a preference for rehabilitative alimony where rehabilitation was feasible. The Court found the husband earned $3,858.00 per month, and the wife earned $2,736.00 per month. The Court found that the wife did not need further training to improve her earning capacity, and no rehabilitation was required, but long-term support was needed and awarded alimony of $200.00 per month for 60 months. The Court further awarded $1,000.00 attorney's fees to the wife, because the Court found she would be left with insufficient assets to meet her needs and pay her attorney's fees.

The husband argues that the Trial Court improperly set child support because the income level found by the Court was in error. The husband charges the Trial Court improperly counted "flex credits" shown on his paycheck stub as part of his gross pay. However, the husband's testimony establishes that these flex credits constitute a benefit which is provided the husband by his employer to help him pay his insurance premiums. The guidelines set forth that employer-provided benefits are to be counted as income to the child support obligor, for the purpose of setting child support. Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(3)(a). The Trial Court was also correct in considering the husband's bonus for the year as part of his income, and such is also expressly allowed by the guidelines. Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(3)(a). We find this issue to be without merit.

The husband argues that the Trial Court erred in awarding custody of the children to wife rather than formulating a shared parenting arrangement consistent with the new statute, Tenn. Code Ann. §36-6-401, which became effective on January 1, 2001. We note the Statute was not in force at the time the case was tried, and even if the new Statute had been applicable, it does not require the Trial Court in all cases to order a joint custody type arrangement, as the husband's brief argues. The new Statute states that it is based upon the same concept as has always been applied in custody cases, i.e. that the "best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities." Tenn. Code Ann. §36-6-401. Nor does the Statute abrogate the other statutory sections dealing with custody determination. It does, however, require some additional steps in the equation, such as the development of parenting plans and the possible utilization of dispute resolution. Tenn. Code Ann. §36-6-403, 404. We conclude that under the new Statute, the Trial Court would not have been in error in designating the wife as "custodian" of the children. Moreover, the evidence does not support an award of joint custody in any event, since there was ample evidence of the parties' inability to get along and cooperate concerning the children.

Considering the factors enumerated in Tenn. Code Ann. §36-6-106 (as the Trial Court expressly did in its custody determination), the evidence supports the Trial Court's grant of custody to the wife. *See Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984); *Adelsperger v. Adelsperger*, 970 S.W.2d 482 (Tenn. Ct. App. 1997).

The husband argues that the award of alimony to wife was inappropriate. On this issue, the Trial Court has "wide discretion" regarding an award of alimony, since the amount and duration are determined by the Court's findings of fact in consideration of the statutory factors contained in Tenn. Code Ann. §36-5-101(d)(1). *Siegel v. Siegel*, 1999 Tenn. App. LEXIS 139 (Tenn. Ct. App. March 5, 1999). These awards will be reversed only when the trial court's discretion "has manifestly been abused." *Id., citing Hanover v. Hanover*, 775 S.W.2d 612 (Tenn. Ct. App. 1989). The Trial Court designed the $200.00 per month for 60 months as "alimony in futuro". As the Supreme Court has recognized, however, there are two types of long-term support, alimony in futuro and alimony in solido, and the difference between these two is the definiteness of the sum ordered to be paid at the time of the award. *Burlew v. Burlew*, 40 S.W.3d 465 (Tenn. 2001). Alimony in solido is an award of a definite sum of alimony and can be paid in installments over time, so long as the sum is ascertainable at the time of the award. *Id*. In this case, the award, in fact, was an award of alimony in solido. *Id.; see also Isbell v. Isbell*, 816 S.W.2d 735 (Tenn. 1991).

In making this award, the Trial Court stated that it had considered the statutory factors, and found the most important was an eleven year marriage and wife earned $1,100.00 per month less per month less than the husband. Also, the husband's misconduct had caused the divorce. The Court further found that the wife had a need for this support, and that a form of long-term support was necessary. The evidence in this case does not preponderate against the Trial Court's finding, and we affirm the Court's award. Tenn. R. App. P. 13(d). *See Long v. Long*, 968 S.W.2d 292 (Tenn. Ct. App. 1997).

Finally, the husband argues that the Trial Court erred in awarding the wife $1,000.00 toward her attorney's fees. We will not interfere with the Trial Judge's decision on this issue, unless the evidence preponderates against it." *Sannella v. Sannella*, 993 S.W.2d 73, 77 (Tenn. Ct. App. 1999). The Trial Court acted within its discretion in making this award. *See Hazard v. Hazard*, 833 S.W.2d 911 (Tenn. Ct. App. 1991).

The wife asked that she be awarded attorney's fees for defending her cause on appeal. Under the circumstances, we believe this is appropriate. Upon remand, the Trial Court will set reasonable fees for the wife's representation on appeal to be awarded as part of the wife's alimony.

The cost of the appeal is assessed to the husband, Kevin Scott Arnold, and the cause remanded.

_____
HERSCHEL PICKENS FRANKS, J.