IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 12, 2002 Session

## JUDITH LYNN SILVEY v. DARREL C. SILVEY

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 00-0572      Hon. W. Frank Brown, III., Chancellor**

**FILED MARCH 22, 2002**

**No. E2001-02007-COA-R3-CV**

In this divorce action the Trial Court granted divorce ordered rehabilitative alimony, child support and divided the marital property. Issues on appeal include the valuation, classification and division of marital property and the award of alimony. We affirm in part, vacate in part and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Vacated in Part, and remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

John P. Konvalinka and Mathew D. Brownfield, Chattanooga, Tennessee, for Appellant, Judith Lynn Silvey.

Roger E. Jenne, Cleveland, Tennessee, for Appellee, Darrel C. Silvey.

### OPINION

In this divorce action, the issue before us involves the classification, evaluation and division of marital property, as well as the award of alimony to the wife.

Following trial, the Court designated the wife as the primary residential custodian for the minor child, and classified, assigned values and made distribution of the parties' marital property. Child support and alimony were established. The wife has appealed the valuation of the home place at the time of the marriage, and at the time of the divorce, and she charges the Court erred in valuing the husband's business, as well as allocating Bledsoe County property , when the parties had agreed to sell it and split the proceeds. The husband appeals the award of alimony and charges the division of the marital property was inequitable.

The Court found the Battery Place property to be the husband's separate property, and valued it at $500,000.00 at the time of the marriage, and $709,500.00 at the time of trial, with an increase of value during the marriage of $209,500.00.[1] Also, the Court found the East Valley Road, Bledsoe County property was marital, and valued the same at $550,000.00, which was awarded to the wife. Overall, the court awarded wife $191,350.00 more in property than the husband, finding that he was in a better position to replace assets than the wife due to his income. The wife takes issue with the Court's finding that the Battery Place property was worth $500,000.00 at the time of the parties' marriage.

Our standard of review is *de novo* with a presumption of correctness of the Trial Court's findings of fact, unless the evidence preponderates otherwise. Tenn. R. App. P. Rule 13(d). *McCarty v. McCarty*, 863 S.W.2d 716 (Tenn. Ct. App. 1992). It is well-settled that valuation of an asset is a question of fact that is to be determined by considering all of the evidence presented. *Kinard v. Kinard*, 986 S.W.2d 220 (Tenn. Ct. App. 1998). As to the valuation of the home place at the time of the marriage, the only proof before the Trial Court was that husband purchased the home place for $58,000.00, and that he spent approximately $50,000.00 renovating the same, all of which was prior to the parties' marriage. He testified that he did significant work on the home prior to the marriage, but did not testify to any monetary amount for those efforts. Husband's business partner and a former employee also testified regarding work the husband had done on the house prior to the marriage, but they provided no proof as to the home's value at the time of the marriage. Also, the evidence established that it was a show place home for the Symphony Guild in 1979.

We conclude there is insufficient proof in this record to support the Trial Court's finding as to the value of the home being $500,000.00 at the time of the marriage. The record indicates that more satisfactory evidence can be presented which will enable the Trial Court to establish the value of the Battery Place property at the time of the marriage, and we remand for that determination. *See* Tenn. Code Ann. §27-3-128. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244 (Tenn. Ct. App. 2000).

Our finding necessitates a remand of the entire property distribution, since a significant shift in the value of one asset could impact on the overall apportionment. As to the remaining major marital assets, we conclude there is ample evidence to support the Trial Court's

---

[1]The Court awarded the husband the increase in value as a portion of his marital property.

finding of value of the husband's business and the Court's finding of value of the Bledsoe County property. Tenn. R. App. P. Rule 13(d). All of the other issues raised by these parties regarding the property distribution will need to be addressed on remand, as well.[2]

The husband takes issue with the Trial Court's award of rehabilitative alimony to the wife. The Trial Court has "wide discretion" regarding an award of alimony, since the amount and duration are determined by the court's findings of fact in consideration of the statutory factors contained in Tenn. Code Ann. §36-5-101(d)(1). The statute clearly expresses a preference for rehabilitative alimony, where rehabilitation is feasible. *Long v. Long*, 968 S.W.2d 292 (Tenn. Ct. App. 1997). The Trial Court's alimony award of alimony will be reversed only when the trial court's discretion "has manifestly been abused." *Id.* In this case, the wife demonstrated that she had a need for alimony, because she testified to her expenses and the fact that she was only working part-time and thus could not meet her expenses on her own. The Court recognized that wife had an immediate need for alimony, and also that she could likely be rehabilitated in a few years as she obtained full-time employment and paid off some debts. The husband has the ability to pay alimony, since he earned by his own testimony at least $6,000.00 per month, even though his tax records showed a total income in 1999 of $90,213.00. He testified to expenses slightly over $4,000.00 per month. The Court considered the statutory factors, finding that this was a 20-year marriage and that husband had a greater earning capacity and more significant separate property holdings than the wife, and that the husband had the ability to pay. The Court's award of rehabilitative alimony is supported by the record, and we affirm.[3]

Upon remand, the Trial Court is directed to take further proof on the value of the marital residence at the time of the marriage and determine the increase in value of that property during the marriage and then divide the parties' property in accordance with the statutory factors.

The cause is remanded for further proceedings as indicated, and the cost of the appeal

---

[2]The wife takes issue with the fact that the Court awarded her the Bledsoe County property rather than ordering it sold and split, as the parties stated they agreed to at the conclusion of the trial. The Court did not issue its Memorandum Opinion for approximately 30 days after the trial. However, the parties did not submit any type of Agreed Order or other document embodying this agreement, and the Court obviously felt that it was best not to leave these parties "entangled" by having them forced to work together to sell the property. The Court had discretion to divide the property in the way it saw fit, and there is no reversible error in the Court's decision to award this property to the wife. *See Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990).

[3]The husband was ordered to pay $3,000.00 per month alimony from February 2001 to January 2002, $1,500.00 per month alimony from February 2002 to February 2004, and $1,000.00 per month alimony from February 2004 to February 2006. The Court also awarded wife $10,000.00 in attorney's fees.

is assessed one-half to Judith Lynn Silvey, and one-half to Darrel C. Silvey.


_____
HERSCHEL PICKENS FRANKS, J.